AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 5:25-mj-123 (MJC) |
| | ) |
| | ) |
| EVELYN HINCKLEY | ) |
| | ) |
| Defendant(s) | ) |

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Apr 23 - 2025**

John M. Domurad, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of September 28, 2022 in the county of Oswego in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Child |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒    Continued on the attached sheet.

_____
Complainant's signature

Lindsey R. Valentino, Special Agent
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   4/23/2025

_____
Judge's signature

City and State:    Syracuse, NY

Hon. Mitchell J. Katz, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lindsey Valentino, being first duly sworn, do herby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a criminal complaint for Evelyn HINCKLEY ("HINCKLEY") for the offense of sexual exploitation of a child, in violation of Title 18, United States Code, Section 2251(a).

2.      I am a Special Agent employed by Homeland Security Investigations ("HSI") since September 2019. I successfully completed the Criminal Investigatory Training Program and the Homeland Security Investigations Special Agent Training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. While there, I received training in child exploitation investigations. In March 2023, I received specialized undercover chat training by the Internet Crimes Against Children ("ICAC") Task Force. As part of my daily duties as an HSI special agent, I investigate and assist in the prosecution of child exploitation and child pornography-related crimes. As part of my duties, I have been involved in the execution of numerous child exploitation and child pornography-related search warrants as part of both state and federal investigations, as well as serving as the affiant for such search warrants and for criminal complaints.

3.      The facts set forth in this affidavit are based on my own personal knowledge, that of other law enforcement officers, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described here, and information gained through my training and experience. I have not set forth every fact known to me about this investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that HINCKLEY has violated Title 18, United States Code, Section 2251(a).

## **PROBABLE CAUSE**

4.      In January 2025, HSI presented an application for a search warrant for data and information associated with Google Account "XXXXXXXXXXX@gmail.com" to Northern District of New York ("NDNY") U.S. Magistrate Judge Hon. Mitchell J. Katz.  Judge Katz reviewed the application and issued the requested warrant (Case No. 5:25-SW-8 (MJK)).  This Google account was operated by Thomas FARR, a registered sex offender charged by criminal complaint in NDNY with a violation of 18 U.S.C. 2251(a), sexual exploitation of a child (Case No. 5:24-MJ-446 (MJK)).

5.      In February 2025, Google provided data to HSI responsive to the search warrant. During the analysis of this data (the "Google Return"), investigators identified seven (7) unique photos of what appears to be an infant female child's vagina that had been uploaded to FARR's Google account.  By analyzing the EXIF (exchangeable image file format) data associated with some of the photos, investigators were able to determine the device used to create the photo, the times and dates of the photos' creation, and the longitude and latitude of some of the photos.

6.  Descriptions and electronic data associated with some of the photographs are as follows—

   a.  A photograph with a filename ending in "mhmq.jpg" depicts a naked female child approximately 6-8 months of age. The child's vagina and anus are exposed and are the photograph's focal point. An adult arm can be seen. The child's face cannot be seen. EXIF data indicates the photo was taken with a TCL phone, Model A509DL. The photo was taken on September 29, 2022, at approximately 1:37 AM UTC time (corresponding to approximately 9:37 PM on September 28, 2022, Eastern Time ("ET"). The EXIF data also contained GPS location data, reflecting the location where the photograph was taken.

b. A photograph with a filename ending in "z9de.jpg" depicts a naked female child approximately 6-8 months of age. The child's vagina and anus are exposed in the photo, and an adult's fingers can be seen manipulating the infant's vagina. The child's face cannot be seen. EXIF data indicates the photo was taken with a TCL phone, Model A509DL. The photo was taken on September 29, 2022, at approximately 1:37 AM UTC (approximately 9:37 PM ET on September 28, 2022). The EXIF data also contained GPS location data.

c. A photograph with a filename ending in "08m3iq.jpg" depicts a naked female child approximately 6-8 months of age. The child's vagina and anus are exposed and are the photograph's focal point. The child's face cannot be seen. EXIF data indicates the photo was taken with a TCL phone, Model A509DL. The photo was taken on October 4, 2022, at approximately 12:52 AM UTC (approximately 8:52 PM ET on October 3, 2022).

7. Further examination of the EXIF data shows that while the illicit photos had been taken with a TCL 509DL cellphone, they had all been uploaded to FARR's Google Account from a Samsung Model SM-S136DL (Galaxy A13 5G) cellphone. In most cases, the upload occurred within hours of the photos being taken. At the time of FARR's arrest, law enforcement seized two cell phones, including a Galaxy A13 cell phone, from FARR's person and vehicle.

8. Investigators input the Global Positioning System ("GPS") coordinates from the EXIF data that was recovered from some of the photos in the illicit series. The GPS coordinates associated with the image ending in "mhmq.jpg" resolved to a location approximately 70 feet from XXX West 2nd Street South, Fulton, NY. The GPS coordinates associated with image ending in "z9de.jpg" resolved to a location approximately 131 feet from XXX West 2nd Street South, Fulton,

NY. According to law enforcement databases, HINCKLEY previously lived at XXX West 2nd Street South, Fulton, New York, between January 2019 through February 2024. This timeframe encompasses the dates the illicit images were produced (during September and October 2022). Additionally, during a December 13, 2024, non-custodial interview with an Oswego County Sheriff's Department ("OCSD") investigator, HINCKLEY confirmed she had previously resided at that address.

9.     On April 22, 2025, Oswego County Sheriff's Department ("OCSD") contacted HINCKLEY and asked if she would voluntarily come to the OCSD to discuss the case involving her uncle, Thomas FARR. HINCKLEY agreed to do so. On April 23, 2024, OCSD Investigator David Bacon and I transported HINCKLEY from her current residence to OCSD for the interview. At OCSD, investigators provided HINCKLEY with her *Miranda* warnings. HINCKLEY chose to waive her rights and speak to investigators in a recorded interview. During the interview, HINCKLEY admitted to having engaged in a sexual relationship with her uncle, Thomas FARR. She further admitted that she previously owned a TCL cell phone and reiterated that she previously lived at XXX West 2nd Street South, Fulton, New York.

10.     During the course of the interview, HINCKLEY was shown the images discovered on FARR's Google account, described above. HINCKLEY identified the child in the photographs as her at-that-time infant daughter ("V-1"). HINCKLEY admitted to producing the images with the TCL cell phone at her residence at XXX West 2nd Street South, Fulton. HINCKLEY further admitted that FARR had requested the images and that she had produced them at his request. HINCKLEY stated that after she took the images, she sent them via text message to FARR.

11.     During the course of the interview, HINCKLEY also made admissions about having watched FARR sexually abuse her three daughters (including V-1) on different occasions

in 2022 and 2023, while she, FARR, and the victims were in her residence at XXX West 2nd Street South, Fulton.

## CONCLUSION

12.     Based upon the above information, there is probable cause to establish that HINCKLEY has violated Title 18, United States Code, Section 2251(a) (sexual exploitation of a child). I respectfully request that the Court issue the proposed criminal complaint pursuant to this violation of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
Lindsey Valentino
HSI Special Agent

I, the honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on April **23**, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Mitchell J. Katz
United States Magistrate Judge